IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTTY BYERS § § Plaintiff, § § VS. § § BANK OF AMERICA NEW YORK § MELLON, BANK OF AMERICA, N.A., § and RECONTRUST COMPANY, N.A. § § Defendants. § | Case No. 4:12cv143 |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendants Bank of America, N.A., The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-11 and Recontrust Company, N.A.'s Motion to Dismiss (Dkt. 5) and Defendants' Motion to Expunge Lis Pendens (Dkt. 6). As set forth below, the Court finds that the request for dismissal should be GRANTED and the case should be dismissed for want of prosecution. The Court finds that the motion to expunge lis pendens (Dkt. 6) should be DENIED without prejudice to re-filing in a forum of proper jurisdiction.

Plaintiff filed this action in Collin County, Texas on March 1, 2012. Defendants removed the case to this Court on March 15, 2012. Defendants filed their motion to dismiss on March 19, 2012.

On April 2, 2012, the Court entered an order directing the parties to confer as required by Federal Rule of Civil Procedure 26(f) and to submit a Rule 26(f) report and proposed scheduling

1

order no later than May 28, 2012. *See* Dkt. 8. Plaintiff failed to comply with this original deadline. On June 4, 2012, the Court issued an order directing Plaintiff's counsel to confer and to submit a proposed scheduling order as directed on or before June 11, 2012. *See* Dkt. 17. On June 11, 2012, Plaintiff's counsel notified the Court that he had resigned from the practice of law. On June 14, 2012, the Court entered an order indicating that Plaintiff would proceed *pro se* and staying the case to allow Plaintiff time to retain counsel. *See* Dkt. 19. The order further directed *pro se* Plaintiff to confer in accordance with Rule26(f) and submit a proposed scheduling order as previously directed on or before July 18, 2012 and indicated that failure to comply with those deadlines may result in dismissal of the case. *Id. Pro se* Plaintiff acknowledged receipt of the order on June 20, 2012. *See* Dkt. 20.

Plaintiff failed to comply with the order and has taken no action in the case since the withdrawal of his counsel. Defendants have also recently notified that the Court that neither Plaintiff, nor his counsel, has attempted to contact Defendants' counsel to confer pursuant to Rule 26(f). *See* Dkt. 21.

The Court notes that on August 3, 2012 – more than two weeks after the Court's most recent deadline – a Notice of Appearance of counsel for Plaintiff was filed by Gagndeep K. Seth. *See* Dkt. 22. Counsel has not made any other filings in an effort to comply with this Court's orders.

Because Plaintiff has wholly failed to comply with the undersigned's orders, the Court finds that this matter should be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.").

Therefore, the Court finds that Defendants Bank of America, N.A., The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-11 and Recontrust Company, N.A.'s Motion to Dismiss (Dkt. 5) should be GRANTED in part and that case should be dismissed for want of prosecution.

As to Defendants' Motion to Expunge Lis Pendens (Dkt. 6), it should be DENIED without prejudice. Defendants rely on a provision of the Texas Property Code as the authority for their requested relief, but have not shown how this Court is the court of proper jurisdiction to seek such relief. Based on the recommendation that the case be dismissed for want of prosecution, the Court finds the expunction is a matter better raised in the county where the lis pendens is filed.

Any pretrial deadlines are hereby ABATED and the Court will not enter a scheduling order in this matter pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within thirty (30) days of the District Judge's disposition of the motion to dismiss.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE