IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTTY BYERS | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | Case No. 4:12cv143 |
| | § | |
| BANK OF NEW YORK MELLON, et al. | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Second Motion to Dismiss (Dkt. 33).  As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves the Property located at 17250 Stedman Drive in Collin County Texas.  On March 1, 2012, Plaintiff filed a *pro se* action in state court against Defendant The Bank of New York Mellon FKA The Bank of New York as trustee for the certificateholders of the CWABS, Inc., asset-backed certificates, Series 2005-1, Defendant Recontrust Company, N.A. and Defendant Bank of America, N.A.  Plaintiff's petition was captioned "Petition for a Verification of Debt" and requested an original "wet ink signature" promissory note for the Property as well as all documents proving the validity of the Deed of Trust.  *See* Dkt. 4.  Defendants removed that petition to this Court on the basis of diversity jurisdiction on March 15, 2012.  *See* Dkt. 1.

Since removal, Plaintiff retained counsel and has amended his complaint to assert the following "causes of action": (1) declaratory judgment that Defendants lack any interest under the

1

Note and/or Trust Deed which could have been enforced by lien upon or sale of the subject property and that it lacks any right to conduct a foreclosure sale of Plaintiff's property; (2) suit to quiet title and trespass to try title; and (3) filing of a fraudulent lien in violation of Chapter 12 of the Texas Civil Practices and Remedies Code. *See* Dkt. 30.  The gravamen of Plaintiff's complaint is that Defendants cannot foreclose because they were not assigned the Note.  According to Plaintiff, "Simply being a beneficiary or having an assignment of the deed of trust is not enough to be entitled to foreclose on a deed of trust.  For there to be a valid assignment for the purposes of foreclosure both the note and the deed of trust must be assigned together."  Dkt. 30 at 3.

Defendants have filed a motion to dismiss, seeking to dismiss Plaintiff's claims.  Defendants make the following arguments: (1) the "split-the-note" theory has universally been rejected by this Court; (2) Plaintiff lacks standing to challenge the assignment of his Deed of Trust because he is not a party to the assignment; (3) Plaintiff lacks standing to challenge or enforce the subject Pooling and Servicing Agreement and other trust formation documents because he is not a party to those agreements or an investor in the subject trust; and (4) Plaintiff otherwise misunderstands the function of the Pooling & Servicing Agreement and the closing date provision under that agreement. *See* Dkt. 33.  Plaintiff has filed a response in opposition.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing

any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may

not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary

support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds

of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the

elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

*Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations

omitted).

**ANALYSIS**

***Plaintiff's Request for Declaratory Judgment that Defendants Lack any Interest under the Note and/or Trust Deed or Any Right to Conduct a Foreclosure Sale of Plaintiff's Property***

In this case, Plaintiff challenges Defendants' authority to foreclose on the Property.  Plaintiff asks the Court to "apply law to this set of facts to determine the rights, if any, that accrued to Defendants." Dkt. 35 at 4.  The Court finds that the facts before the Court state no justiciable claim.

The January 18, 2005 Deed of Trust attached to Plaintiff's amended complaint lists Plaintiff as a Borrower and America's Wholesale Lender as the Lender and provides:

> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in, the County of Collin:
>
> Dkt. 30-1 at 5.

Also attached to Plaintiff's amended complaint is a September 10, 2011 Assignment of Deed of Trust assigning MERS's interest in the Deed of Trust to against Defendant The Bank of New York Mellon FKA The Bank of New York as trustee for the certificateholders of the CWABS, Inc., asset-backed certificates, Series 2005-1.  *See* Dkt. 30-3.[1]

---

[1]The Court agrees with Defendants that the other assignment attached to Plaintiff's complaint does not relate to the Deed of Trust attached because it pertains to instrument number "2005-0012214," rather than the "2005-0012213" listed on both the Deed of Trust and September 10, 2011 Assignment.  *See* Dkt. 30-2.  That instrument number is not before the Court, and Plaintiff has not sufficiently stated enough facts to show how the Assignment is of any consequence to the claims here.

4

Plaintiff's "split the note theory" has been uniformly rejected in this District and other Texas Courts and, without any factual distinction by Plaintiff as to those cases, the Court will not replow well-harvested ground. *See Dubrock v. GMAC Mortgage, LLC*, 2012 WL 629397, at *1 (E.D. Tex. 2012) *Cannon v. JP Morgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. 2011);; *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, at *6 (E.D. Tex. 2011), *adopted by* 2011 WL 2183844 (E.D. Tex. 2011) (dismissing claim based on "split the note" theory); *Salmeron v. CitiMortgage, Inc.*, 2012 WL 760110, at *3 (N.D. Tex. 2012) ("Since all of Plaintiffs' claims are premised on the "split the note" theory, they all fail."); *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at * 4 (S.D. Tex. 2012) ("Plaintiff's 'split the note' theory is also unavailing."); *Defrancheschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Because, based on the facts before the Court, the Note and Deed of Trust were both executed on January 18, 2005 in order to secure a loan for purchase of the Property, they are construed together and will not be split. *Eskridge v. Federal Home Loan Mortg. Corp.*, 2011 WL 2163989, 5 (W.D. Tex. 2011) (citing *CA Partners v. Spears,* 274 S.W.3d 51, 66 n. 9 (Tex. App. – Houston [14th Dist.] 2008) (citing *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex. 1982)).

As a sister district court has recently explained:

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter*

*v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942); *Aguero v. Ramirez,* 70 S.W.3d 372, 375

(Tex. App. – Corpus Christi 2002, pet. denied).  TEX. PROP. CODE ANN. § 51.002 (West Supp.2007);

*Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet.

denied); Tex. Bus. & Com. Code § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,*

323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)).  In Texas, "[a] trustee has no power to sell

the debtor's property, except such as may be found in the deed of trust."  *University Sav. Ass'n v.*

*Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

      As the Fifth Circuit has recently noted, "[n]umerous district courts have addressed [the]

question, and each one to analyze Texas law has concluded that Texas recognizes assignment of

mortgages through MERS and its equivalents as valid and enforceable."  *Martins v. BAC Home*

*Loans Serv., L.P.*, 2013 WL 1777487, 2 (5th Cir. 2013)*.  See also See, e.g., Richardson v.*

*CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on

MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for

MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314

S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC,* 2011 WL

2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at

*1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5

(S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was

not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D.

Tex. Jul. 7, 2011).  "[A] transfer of an obligation secured by a note also transfers the note because

the deed of trust and note are read together to evaluate their provisions."  *DeFranchesci v. Wells*

*Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment." *Id.* (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*,  2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011). In short, the documents before the Court set forth Defendant the Bank of New York's authority to enforce the Deed of Trust.

District courts in this Circuit have also routinely rejected borrower's challenges to pooling and servicing agreements to which they were not a party. *Roberts v. CitiMortgage, Inc.*, 2013 WL 1786583, 2 (E.D. Tex. 2013) ("a mortgagor does not have standing to challenge various assignments of the note or pooling and service agreements because the mortgagor is not a party to the assignments or agreements."); *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 8 -9 (S.D. Tex. 2013) (plaintiffs had no standing to sue for violations of pooling and service agreement because they were not party to it); *Lamb v. Wells Fargo Bank, NA*, 2012 WL 1888152, 5 (N.D. Tex. 2012) ("The Pooling and Servicing Agreement and the Mortgage Loan Sale and Assignment Agreement .... do not affect MERS's authority as nominee and beneficiary of the lender under the Deed of Trust to sell, transfer, assign or foreclose on the property at issue").

As one district court in this Circuit explained:

Because Plaintiff is not a party to the assignment of the Note and Deed of Trust, he lacks standing to contest the assignment. To establish standing, a plaintiff must assert his own legal rights and interest and cannot rely on the legal right and

interest of a third party.  An assignment is a contract between assignor and subsequent assignee.  In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements.  A borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary.

*Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 8 -9 (S.D. Tex. 2013).

Courts in Texas have also repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note.  *Adams v. Bank of America*, 2011 WL 5080217, 5 (E.D. Tex. 2011) (*citing Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, at *3 (W.D. Tex. 2011); *Coleman v. Bank of America, N.A.,* 2011 WL 2516169, at *2 (N.D. Tex. 2011); *Athey v. Mortgage Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 165–66 (Tex. App. – Eastland 2010, pet. denied); TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).  Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale.  *See* TEX. PROP. CODE. ANN. § 51.0025.

Because Plaintiff has failed to state any facts entitling him to any relief as to his challenge of Defendants' authority to foreclose, he is not entitled to a declaratory judgment.  *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie.").  Having reviewed the record before it, the Court finds that no facts are stated that would show that Defendants could not act under the Deed of Trust to foreclose.  Of critical importance to the Court here is that the documents before the Court show the assignment of interests as to the Property.

8

*Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 1777487, 1 (5th Cir. 2013) ("There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk.").  Also critical is that – as noted by Defendants – no facts are alleged in Plaintiff's complaint that Plaintiff is current on his loan payments and not in default such that Plaintiff would have an interest in the Property superior to any lien holder seeking to foreclose.  As set forth below, such superiority must be stated for Plaintiff to state his suit to quiet title and trespass to try title claim.

### *Plaintiff's Suit to Quiet Title and Trespass to Try Title*

"[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I.C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)).  In order to succeed on his quiet title action, Plaintiff would be required to show that: (1) he has an interest in the Property, (2) title to the Property is affected by a claim by Defendant, and (3) the claim, although facially valid, is invalid or unenforceable.  *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *4 (N.D. Tex. 2012) (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.) (citations omitted).   A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. –

9

Beaumont 2000, pet. denied).  Indeed, Texas courts have made a plaintiff's burden in a suit to quiet

title very clear:

> In a suit to remove a cloud from his title, the plaintiff has the burden of supplying
> the proof necessary to establish his superior equity and right to relief.  That is, the
> plaintiff must prove, as a matter of law, right, title, or ownership in himself with
> sufficient certainty to enable the court to see that he has a right of ownership and
> that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal

citations omitted).  *See also Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi

2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own

title, not the weakness of his adversary's title.").

Plaintiff must also allege superiority in any trespass to try title claim.  *Martin v. Amerman*,

133 S.W.3d 262, 265 (Tex. 2004) (noting that a plaintiff must usually (1) prove a regular chain of

conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title

by limitations, or (4) prove title by prior possession coupled with proof that possession was not

abandoned to prevail in a trespass-to-try-title action).  Plaintiff's attack on the assignments in this

case is not sufficient to show his superiority.

Plaintiff has stated insufficient facts to "state a claim to relief that is plausible on its face"

as to his second cause of action.  *Twombly*, 550 U.S. at 570.   His quiet title and trespass to try title

action should be dismissed.  *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012).

10

***Plaintiff's Claims of Filing of a Fraudulent Lien in Violation of Chapter 12 of the Texas Civil Practices and Remedies Code***

Finally, as to Plaintiff's third cause of action, because Plaintiff's claims are based on flawed theories regarding MERS's invalid assignments and "split the note" arguments which have not been adopted by this Circuit, insufficient facts are stated that any Defendant knew or should have known the assignments (or other unspecified documents) filed were knowingly fraudulent and filed with the intent to cause Plaintiff injury, as is required by the statute. *See* TEX. CIV. PRAC. & REM. CODE § 12.002. Plaintiff's claim that Defendants violated Section 12.002 of the Texas Civil Practices & Remedies Code should, therefore, be dismissed.

### RECOMMENDATION

Because Plaintiff has stated no facts entitling him to relief as to any of his alleged causes of action, Defendants' Second Motion to Dismiss (Dkt. 33) should be GRANTED, and Plaintiff's claims should be dismissed for failure to state a claim.

Because the Court finds that no claims have been stated, it need not address Defendants' Motion for Summary Judgment filed on April 11, 2013 (*see* Dkt. 39). However, the Court notes that, Plaintiff has failed to file any response to the motion and has thus failed to offer any summary judgment evidence that would create a genuine issue of material fact as to any of his purported claims here, which would also result in this matter being dismissed with prejudice. Plaintiff simply has not supported his case with sufficient facts, legal authority or evidence, and it should be dismissed for the reasons set forth herein.

11

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.   *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of June, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE